UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GYLE DEL RIO,<br><br>Plaintiff,<br><br>v.<br><br>LAPORTE COUNTY SHERIFF DEPT., et al.,<br><br>Defendants. | CAUSE NO.: 3:20-CV-306-JD-MGG |

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Del Rio alleges that, since November 10, 2019, he has been denied access to the law library at the Laporte County Jail. He states that he needs access to conduct legal research for his pending State criminal case, and his exhibits

reflect that he has been appointed counsel. He seeks money damages and an order for the defendants to comply with State law regarding access to the legal research and materials.

Del Rio asserts that the defendants violated his right of access to the courts by confiscating and redacting exhibits from his criminal proceedings. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a

violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Significantly, it is unclear from the complaint how the inability to access the law library has prejudiced Del Rio's ability to defend against his criminal charges. The complaint contains no indication that he has missed any deadlines or caused the trial court to rule against him. To the contrary, the complaint indicates that his criminal case remains pending with the trial court and that he is unlikely to suffer prejudice because he has been appointed counsel. Further, even if the defendants are violating State law,[1] it does not amount to a constitutional violation, *see River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 166–67 (7th Cir. 1994) ("Failure to implement state law violates that state law, not the Constitution; the remedy lies in state court."), and the court lacks jurisdiction to preside over a State law claim against these defendants. *See* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity of citizenship). Because the

---

[1] For this proposition, Del Rio cites Ind. Code § 11-11-7-1, which states, "The [Indiana Department of Correction] shall afford a confined person reasonable access to legal materials to enable him to research legal matters and prepare and file legal papers." However, the complaint contains no indication of any affiliation between the defendants, who work at the Laporte County Jail, and the Indiana Department of Correction.

allegations do not suggest that Del Rio has suffered an actual injury, he may not proceed on a claim of interference with access to the courts.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 19, 2020

        /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT